**STATE, Plaintiff-Appellee, v. SHARP, Defendant-Appellant.**

Ohio Appeals, Second District, Clark County.

No. 463—Decided November 7, 1946.

Glenn E. Detling, Prosecuting Attorney of Clark County, Robert S. Olinger, Asst. Pros. Attorney, Springfield, for plaintiff-appellee.

Adelaide Seip, Springfield, for defendant-appellant.

340

By THE COURT:

This is an appeal on questions of law from a judgment of the Juvenile Court of Clark County, Ohio, entered on March 30, 1946.

The record discloses that on September 26, 1945, Flora Dell Zinkhon, an unmarried woman, filed a complaint of nonsupport under §1639-46 GC of Ohio against the defendant-appellant, John J. Sharp. A plea of not guilty was entered and the cause was tried on March 21, 1946, by a jury which returned a verdict of guilty.

The errors assigned are:

1. The Court erred in allowing the bastardy proceeding under §1639-46 GC, which is a nonsupport proceeding.

2. The Court erred in the charge to the jury.

Since the appellant's brief is confined solely to the first assignment of error we shall give no further consideration to the second assignment. The appellant is contending that under §1639-46 GC, which became effective January 1, 1946, that only a person charged by law with the care, support, etc. of a child shall be guilty of its violation; that the appellant has never been adjudged to be the father of the child under §12110 GC and that he therefore has not been charged by law with its support. However, the provisions of §1639-46 GC were in a different form prior to January 1, 1946. It then provided,

"Whoever is charged by law with the care," etc., * * *, "or whoever, being the father of an illegitimate child * * * fails, neglects or refuses so to do, upon complaint being filed in the court exercising the powers and jurisdiction in this chapter conferred, shall be fined," etc. * * *

"In the case of an illegitimate child, if it is proven at the hearing from the evidence that the defendant is the putative father of said child * * *."

We are of the opinion, after a careful examination of this section, that the Court had jurisdiction providing that it was applicable. It does not say that one must be charged by law in all instances with the care and support, for its provides also "whoever, being the father of an illegitimate child." That is what this defendant was charged with. The complaint alleges that John J. Sharp is the parent of the said Ronald Jay Zinkhon and is charged by law with the care, support, etc., from the 6th day of September, 1945, to the 22nd day of Sep-

tember, 1945. No objection was made to this complaint as to form or substance.

It will be noted further that this section makes certain provisions which shall govern in the event that the defendant is found to be the putative father of the child. This would certainly indicate that the paternity of the child is one of the issues which could be considered under this section.

The next question for our consideration is which section of §1639-46 GC was applicable. Was it that in effect on September 26, 1945, the date of the filing of the complaint, or was it that effective on March 31, 1946, the date of the trial? **Sec 26 GC** covers this situation, as it provides:

"Whenever a statute is repealed or amended such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, * * *."

This prosecution was started on September 26, 1945, when the complaint was filed, and therefore **§1639-46 GC** as effective prior to January 1, 1946, was applicable and under its terms the Court had jurisdiction. See **Harnett v State, 42 Oh St 568; State v Morrow, 90 Oh St 202.**

We find no error in the record and the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.